UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. TORRES, et al.,<br><br>　　　　Defendants. | No.  2:22-cv-00970-KJM-EFB (PC)<br><br>FINDINGS AND RECOMMENDATIONS |

  On August 19, 2022, the magistrate judge filed findings and recommendations, F. & R., ECF No. 15, recommending that the court deny plaintiff's motion to proceed in forma pauperis, Mot., ECF No. 12.  The findings and recommendations were served on plaintiff and contained notice that any objections to the findings and recommendations were to be filed within fourteen days.  Plaintiff filed what appears to be a joint motion for reconsideration and objections to the findings and recommendations on August 25, 2022, Mot. Recon. & Objs., ECF No. 16, and another document that appears to also be objections to the findings and recommendations, Second Objs., ECF No. 17.  The filings have been considered by the undersigned.

  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.  The

/////

court briefly provides a background of the case and addresses the objections and motion for reconsideration here.

## I.      Background

Plaintiff filed a motion seeking in forma pauperis (IFP) status under 28 U.S.C. § 1915 on June 27, 2022.  Mot.  In that filing, plaintiff states "civil detainees are non prisoners [and] filling [sic] fees [are] not required."  *Id.* at 1.  Plaintiff declares under penalty of perjury that he has no assets.  *See generally id.*  The magistrate judge recommends plaintiff's IFP application be denied because his inmate trust account statement submitted in other cases shows plaintiff had a balance of $3,818.37.  F. & R. at 1.

Plaintiff objects to the findings and recommendations and moves for reconsideration. Mot. Recon. & Objs.; Second Objs.  He challenges the "subject matter jurisdiction of the court for filling [sic] fees" and argues he is not a prisoner, and therefore, not subject to section 1915.  Mot. Recon. & Obj. at 1–3.  He states the court is "illegally forcing plaintiff to file payment fees that civil detainees are exempt [from] and [he is] not required to file any fees."  *Id.* at 5.  Plaintiff also states, "I do not accept this offer to contract and I do not consent to these proceedings."  Second Objs. at 1.

## II.     Objections to the Findings and Recommendations

Plaintiff argues he does not have to pay filing fees because he is a civil detainee, and not a prisoner.  This argument has no merit.  It is not only prisoners who have to pay filing fees. Section 1915 governs proceedings in forma pauperis and permits plaintiffs generally to commence an action without paying filing fees if they submit an affidavit stating they are "unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  While section 1915(a)(2) has specific provisions for prisoners, section 1915(a)(1) applies broadly to all litigants, including those who are not prisoners.  *See, e.g.*, *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (reviewing the denial of an IFP application for a non-prisoner pro se plaintiff).

In his objections, plaintiff does not claim he does not have the ability to pay the fees. Rather, he argues he does not have to pay the fees and the court does not have jurisdiction to make him pay the fees.  "[A] plaintiff seeking IFP status must allege poverty 'with some

particularity, definiteness and certainty.'" *Escobedo*, 787 F.3d at 1234 (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir.1981)).  Because plaintiff does not claim he is unable to pay the filing fees, the court **denies** his motion for leave to proceed in forma pauperis.

### III.     Motion for Reconsideration

A motion for reconsideration or relief from a judgment is appropriately brought under either Rule 59(e) or Rule 60(b).  *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citation omitted).  The filing is timely under both rules.  Fed. R. Civ. P. 59(e) (setting a 28-day window to file the motion); Fed. R. Civ. P. 60(c)(1) (motion must be "made within a reasonable time").

Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.  *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986).  Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on, among other things: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party.  Relief under Rule 60(b) should not be granted absent "extraordinary circumstances" showing a significant change in facts or law.  *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) (citation omitted).  Similarly, Local Rule 230(j)(3)–(4) requires that a movant seeking reconsideration identify "what new or different facts or circumstances" exist, or any other grounds to justify reconsideration of a court's prior order.

Plaintiff does not meet the standard for reconsideration under either Rule 59 or Rule 60.  Thus, the court **denies his motion.**

Accordingly, IT IS HEREBY ORDERED:

1. The Findings and Recommendations filed August 19, 2022, are adopted;
2. Plaintiff's June 27, 2022 motion for leave to proceed in forma pauperis (ECF No. 12) is denied;
3. Plaintiff's motion for reconsideration (ECF No. 16) is denied; and

4. Plaintiff shall pay the $402 filing fee within fourteen days from the date of this order. Failure to pay the filing fee as ordered will result in the dismissal of this action.

DATED: March 24, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE